UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JOE LOUIS WYATT             CIVIL ACTION NO. 3:15-cv-1672
    LA. DOC #116059
VS.                         SECTION P

                        JUDGE ROBERT G. JAMES

WARDEN BURL CAIN            MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* petitioner Joe Louis Wyatt, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 11, 2015.  Petitioner attack his 1987 murder conviction and the sentence of life without benefit of parole that was imposed thereon by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals so that petitioner may obtain authorization to file his successive *habeas corpus* petition.

*Statement of the Case*

Petitioner pled guilty to first degree murder on January 12, 1987. On the same day he was sentenced to serve life imprisonment without benefit of parole.

He filed a petition for *habeas corpus* pursuant to 28 U.S.C. §2254 in this Court on November 23, 1992.  On September 9, 1993, the petition was dismissed without prejudice because petitioner failed to exhaust State court remedies. *See Joe L. Wyatt v. Richard L. Stalder*,

No. 3:93-cv-0115 at Docs. 1 (petition), 7 (Report and Recommendation) and 13 (judgment).

On March 4, 1996, he filed another petition for writ of *habeas corpus* raising a claim of ineffective assistance of counsel based on counsel's failure to investigate and pursue an insanity defense. On July 29, 1996, United States Magistrate Judge John P. Simon examined the facts of the case in light of *Strickland v. Washington*, 466 U.S. 668 (1984), and recommended dismissal based on petitioner's failure to establish deficient performance or prejudice. Thereafter petitioner objected and raised an additional claim of ineffective assistance.  On September 10, 1996, the Magistrate Judge supplemented his original Report and again, having found that petitioner failed to establish deficient performance, recommended dismissal. On October 7, 1996, United States District Judge Tucker L. Melançon adopted the Report and Recommendation and entered a judgment denying and dismissing the petition.  Thereafter, on November 22, 1996, Judge Melançon denied petitioner's request for a Certificate of Appealability (COA).  *See Joe Louis Wyatt v. Warden, L.S.P.*, No. 3:96-cv-0480 at Doc. 1 (petition), 7 (Report and Recommendation), 10 (Supplemental Report and Recommendation), 8 (objection), 10 (Supplemental Report and Recommendation),  12 (judgment), 16 (denial of COA).  On January 10, 1997, the United States Fifth Circuit Court of Appeals dismissed petitioner's appeal as untimely. *Joe Louis Wyatt v. Warden, L.S.P.*, No. 96-31192.

Petitioner filed the instant petition on May 11, 2015. Citing the June 25, 2012, decision of the United States Supreme Court in *Miller v. Alabama*, 567 U.S. —, 132 S.Ct. 2455 (2012) (which held that the imposition of mandatory sentences of life without benefit of parole for juvenile offenders violates the Eight Amendment's prohibition of cruel and unusual punishment as well as the due process clause of the Fourteenth Amendment) petitioner argued that he is

entitled to *habeas* relief. [Docs. 1 and 1-1]

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  This is the third petition for *habeas corpus* filed by this petitioner.

As noted above, and as noted by petitioner [Doc. 1-1, pp. 16-17] his first petition was dismissed without prejudice because petitioner failed to exhaust state court remedies.  That dismissal cannot be taken into account when determining whether a subsequent petition is successive. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).

However, petitioner's second *habeas* petition was dismissed after having been considered on the merits.  This petition attacks the same conviction which was the subject of the previous petition.  "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised </u>in an earlier petition; or (2) otherwise

3

constitutes an abuse of the writ." *Id. See also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's claim concerning the constitutionality of his sentence, could have been raised in his previous petition, and, that petition was dismissed on the merits. Therefore, this petition is successive. Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's  successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

4

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, July 17, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**